

**ROBERT WISNIEWSKI P.C.**
ATTORNEYS-AT-LAW

40 WALL STREET, SUITE 2833 • NEW YORK, NY 10005
TEL: (212) 267-2101 • FAX: (646) 512-5604
WEBSITE: www.rwapc.com

March 22, 2020

Hon. Katherine Polk Failla, USDJ
United States District Court
for the Southern District of New York
40 Foley Square
New York, New York 10007
    VIA ECF

                **Re: Williams et al v. Movage, Inc. et al**
                <u>Docket No.: 17-cv-02628-KPF</u>

Dear Judge Failla,

      I am co-counsel for Plaintiffs in the above-captioned action. Along with co-counsel Albert Breud, I submit this letter as Plaintiffs' application for the Court to review and approve the proposed settlement agreement as required by the 2nd Circuit precedent ***Cheeks v. Freeport Pancake House, Inc.***, 796 F.3d 199 (2nd Cir. 2015).

      We are attaching the settlement agreement executed by all parties as **Exhibit 1.** Because the caption was recently amended by the Court to include Christian Tatar as a Defendant, the parties are separately filing a stipulation of partial dismissal with respect to Christian Tatar.

      In support of the application, Plaintiffs respectfully rely on the previously submitted motion to approve the negotiated judgment, submitted on December 2, 2019, Docket numbers 93, 94 and 94-1 through 94-5, which they adopt *in toto* and incorporate in this application.

      For the Court's convenience, we are attaching the previous motion documents with new numbers:

      **Exhibit 2**   December 2, 2019 letter motion to the Court;
      **Exhibit 3**   Albert Adam Breud, II's invoice for attorney fees until 10/12/19;
      **Exhibit 4**   My firm's invoice for attorney fees dated October 4, 2019;
      **Exhibit 5**   My firm's invoice for costs and disbursements;
      **Exhibit 6**   Backup documentation for costs.

      In addition, I attach as **Exhibit 7** my firm's invoice for the period October 4, 2019 through March 22, 2020. Co-counsel advised that under these difficult circumstances he did not manage to prepare an invoice for this period and asks that he be relieved from this obligation.

Following the submission of the December 2, 2019 motion to approve the proposed Offer of Judgment, as well as the parties's December submissions regarding the applicability of *Yu v. Hasaki Restaurant, Inc., No.* 17-3388-cv (2d Cir. Dec. 6, 2019) to this case, the Court found that the Proposed Offer of Judgment (Dkt. #93) deficient, rescinded it and gave the parties time to negotiate a settlement agreement.

As part of the continuing negotiations, the parties kept the original amounts that they had agreed to as part of the Offer of Judgment, that is the original offer of Forty Thousand Dollars ($40,000) to Plaintiffs and a total of Sixty Thousand ($60,000) in attorney fees which were agreed upon in negotiations that began after Plaintiffs had accepted an offer of judgment. While counsel for the parties negotiated the text of the settlement agreement, Defendants managed to free up enough funds so as to eschew the need for installment payments and agreed to one lump sum payout. To forestall any issues with the absence of funds the parties further agreed that Defense counsel, the law firm of Lurie/Strupinsky would hold the settlement amount of $100,000 in escrow at the time of the execution of the settlement agreement.

Plaintiffs respectfully refer this Court to the facts provided and arguments made in their December 2, 2019 letter motion. *See* **Exhibit 2.** Plaintiffs supplement that letter motion as follows. First and foremost, Plaintiffs submit that collectability of a judgment is a legitimate point to consider in valuing settlement. ***Lliguichuzhca v. Cinema 60 LLC***, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013)("Case law recognizes that potential difficulty in collecting damages militates in favor of finding an [FLSA] settlement reasonable."); *see* also ***Cabrera v. Roselea Int 's Services***, 2011 WL 7096634 at *4 (M.D. Fla. Dec. 30, 2011) There is always a risk that a corporate defendant, could have no collectable assets for Plaintiff's claims, and there was no certainty that the Individual Defendant Vujovic would be found to be Plaintiff's joint employer or that he would be financially able to satisfy a significant judgment. Most of the plaintiffs continue to work for other moving companies and have reported to me that as of Monday, March 23, 2020 they would be furloughed or terminated inasmuch as people cancelled all the moves. It is obvious that Defendants who operate a moving business will have been affected by the present circumstances just as much as the other moving companies. And it is conceivable that, if this litigation continued, Defendants might decide to avail themselves of the protection of bankruptcy laws. Thus, settlement as reached is fair under the circumstances.

As regards the reasonablenes of the negotiated attorney fees, Plaintiffs submit that they are eminently reasonable under the circumstances, which were described in the December 2, 2019 letter. Following the creation of their invoices in October 2019, Plaintiffs' counsel continued to expend time representing Plaintiffs. As my supplemental invoice reflects, my firm spent an additional 43 hours of work which resulted in an invoice of $17,522.50 in fees. See Exhibit 7. Co-counsel Breud advises that he also spent a similar amount of time which would result in a similar invoice if he had a chance to create it. In all, Plaintiffs incurred approximately $34,000 in additional attorney fees. Their counsel managed to negotiate a settlement which, in these trying times, calls for a lump sum payment and protects the settlement amounts in that they are kept in Defendants' counsel's IOLA accounts. Despite the additional time and favorable

terms achieved for Plaintiffs, neither I nor Mr. Breud are seeking any additional compensation for fees or costs beyond the Sixty Thousand Dollars which had been negotiated following Plaintiffs' initial acceptance of Defendants' offer of judgment.

Wherefore, for the foregoing reasons, Plaintiffs respectfully request that this Court declare the settlement as fair and reasonable and approve attorney fees and costs as reasonable.

Thank you for your attention to the foregoing.

Respectfully submitted,

*/s/Robert Wisniewski*
Robert Wisniewski

cc: (via ECF)
    Joshua Lurie
    Eugene Strupinsky
        Counsel for Defendants

---

The Court has reviewed the settlement documents for fairness in accordance with the FLSA and Second Circuit law, *see, e.g.*, *Cheeks* v. *Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), and has concluded that the terms are fair and reasonable.  It should be noted, however, that the Court is not in this endorsement opining specifically on the reasonableness of the rates charged by the attorneys and paralegals representing Plaintiffs.

Accordingly, the settlement is approved, and the Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, including the telephonic conference scheduled for March 25, 2020, and close this case. The Court will so-order separately the stipulation of dismissal that has been filed as to Defendant Christian Tatar.

Dated:    March 24, 2020        SO ORDERED.
          New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE